Jiang v. Sessions

BIA
Christensen, IJ
A205 420 793

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of October, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

YING JIANG,
> *Petitioner,*

v.                                          16-2311
                                            NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Justin Markel,
                         Senior Litigation Counsel; Robert D.
                         Tennyson, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Jiang, a native and citizen of the People's Republic of China, seeks review of a June 21, 2016, decision of the BIA affirming a May 7, 2015, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Jiang,* No. A205 420 793 (B.I.A. June 21, 2016), *aff'g* No. A205 420 793 (Immig. Ct. N.Y. City May 7, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's

2

or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Jiang was not credible as to his claims that Chinese police detained and harmed him on account of his practice of Christianity and that he continues to practice his religion in the United States.

The agency reasonably relied on inconsistencies between Jiang's testimony and his earlier sworn statements during a credible fear interview.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As an initial matter, the agency did not err in finding the interview record reliable because the interview was conducted with an interpreter, the interview was memorialized in typewritten question and answer format, the questions posed were designed to elicit details of an asylum claim, and Jiang's responses showed no reluctance to answer questions.  *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009).  At his credible fear interview, Jiang stated that police did not

3

question or hit him after the first day of his month-long detention. By contrast, he testified at his hearing that police interrogated and beat him at least two more times after the first day. The IJ was not compelled to credit Jiang's explanation that he had a fever at the interview because the record of the interview states that there was no indication that Jiang had a medical condition and it does not reflect that Jiang had difficulty answering any other questions regarding his claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

The agency also reasonably found Jiang's testimony that he was beaten on more than one day of his detention inconsistent with his asylum application statement and his cellmate's letter, neither of which mentioned that Jiang was beaten after his first day of detention although they described less relevant deprivations, such as the limited amount of food and inability to sleep through the night. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (concluding that an omission is the equivalent of an

4

inconsistency and may be relied on to support an adverse credibility determination).  Jiang did not provide a compelling explanation for these inconsistencies.  *See Majidi*, 430 F.3d at 80.  In addition, Jiang and a fellow practitioner from his church in the United States testified inconsistently regarding whether, the evening before the hearing, they had left church and walked several blocks together before saying goodbye.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The witness had no recollection of this episode, which the petitioner testified had happened the previous day.

Having questioned Jiang's credibility, the agency reasonably relied further on his failure to rehabilitate his credibility with reliable corroborating evidence.  "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The agency did not err in affording limited weight to Jiang's father's and friend's unsworn letters because, in addition to the inconsistency between his testimony and his friend's letter, the authors of the letters were not available for cross-examination.  *See Y.C.*

5

*v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). The agency also did not err in giving diminished weight to an unsworn form letter purportedly from the pastor at Jiang's church in the United States because no church official testified on Jiang's behalf and his fellow church member testified inconsistently regarding the circumstances surrounding Jiang's most recent attendance. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely matter of agency discretion).

Given the inconsistency and lack of corroboration findings that relate to Jiang's alleged past harm and his practice of Christianity, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of Jiang's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk